Michael J. Edelman (ME-6476)
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

Douglas J. Lipke
Jonathan H. Bogaard
Vedder, Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone: (312) 609-7500

*Counsel for Appellee*
*Strategic Value Partners, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DFO PARTNERSHIP,**<br><br>                         **Appellant**,<br><br>v.<br><br>**DELTA AIR LINES, INC. and THE POST-EFFECTIVE DATE COMMITTEE OF DELTA AIR LINES, INC.,** *et al.*,<br><br>                         **Appellees.** | **Case No. 07-CV-11437 (RJH)**<br>(ECF Case)<br><br>Chapter 11 Case No.<br>05-17923 (ASH)<br><br>(Jointly Administered) |

**APPELLEE STRATEGIC VALUE PARTNERS, LLC'S RESERVATION OF RIGHTS TO THE EXTENT ANY PARTIES BELATEDLY SEEK REVERSAL OR MODIFICATION OF PORTION OF DECISION AND ORDER <u>DENYING OBJECTIONS TO SLV CLAIMS</u>**

Appellee Strategic Value Partners, LLC ("*SVP*"), the beneficial holder or the manager of the beneficial holder of proofs of claim number 6694, 6741, 6976 and 6978 (the "*SLV Claims*"), which claims treat the leveraged lease transactions relating to the aircraft bearing

FAA registration numbers N954DL, N955DL, N956DL and N957DL (the "*Aircraft*"), by SVP's undersigned counsel, hereby submits its reservation of rights regarding this appeal.

## STATEMENT OF CASE AND FACTS RELEVANT TO THIS RESERVATION OF RIGHTS

**The Underlying Transaction and the Claims**

This appeal addresses the claims objection litigation commenced by (i) Delta Air Lines, Inc., as chapter 11 debtor and debtor in possession (the "*Debtor*") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), and (ii) the official committee of unsecured creditors in Debtor's chapter 11 case (the "*Committee*") against two distinct sets of claims relating to the leveraged lease transactions in which Debtor was the lessee, Appellant DFO Partnership was the owner participant (the "*Appellant*"), The Bank of New York was the indenture trustee (the "*Indenture Trustee*"), and various lenders (collectively, the "*Lenders*") were the lenders. *See* D.7 (TIA/SLV Objection 1).[1]  Appellee SVP is the Lender (or the manager of the Lender) under the leveraged lease transaction relating to the Aircraft. *See* D.17 (Response of Strategic Value Partners, LLC to TIA/SLV Objection 1).

**The Claims against Delta**

The Appellant, as the owner participant, has asserted claims against the Debtor in the Debtor's chapter 11 case arising under separate tax indemnity agreements ("*TIAs*") between the Appellant, as the owner participant, and Debtor (the so-called "*TIA Claims*"). Separately, the Indenture Trustee was assigned various rights arising under certain aircraft leases between owner

---

[1] References to "D." followed by a number refers to the associated document listed in Appellant DFO Partnership's designation of record, dated December 6, 2007.

2

trustees, as lessor, and Delta, as lessee, to secure loan obligations. Pursuant to this assignment, the Indenture Trustee and/or the Lenders filed claims against Delta arising under the related aircraft leases. With respect to the Aircraft leveraged lease transactions, SVP holds or manages the beneficial owner of the SLV Claims. *See generally* D.17 (Response of Strategic Value Partners, LLC to TIA/SLV Objection 1), at 5-8.

**The Underlying Claims Objections**

In the Debtor's chapter 11 case, the Debtor and the Committee objected to the SLV Claims and the TIA Claims on the grounds that:

(a) these claims overlapped each other and general bankruptcy law did not allow overlapping claims (and, accordingly, the SLV Claims and/or the TIA Claims should be reduced to prevent such overlap) (the "*General Overlap Objection*"), *see* D.7 (TIA/SLV Objection 1), ¶¶ 18-26;

(b) the terms of the TIAs required the disallowance or reduction of the TIA Claims due to the alleged overlap (the "*TIA Contractual Terms Objection*"), *id.,* at ¶¶ 27-30; and

(c) the terms of the transaction documents required the reduction of the SLV Claims due to the alleged overlap (the "*SLV Contractual Terms Objection*"), *id.,* at ¶ 31.

The only bases for attacking the SLV Claims were the General Overlap Objection and the SLV Contractual Terms Objection. *Id.*

**The Bankruptcy Court's Decision**

In its decision and related order (the "*Bankruptcy Court Decision and Order*"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.2 (Decision on TIA/SLV Objections 1 & 2), at 7-8, 12, and D.3 (Order with respect to TIA/SLV Objection 1), at 2. Accordingly, the Bankruptcy Court denied the only two bases asserted by the Debtor and the Committee for objecting to the SLV Claims.

3

The Bankruptcy Court granted the TIA Contractual Terms Objection and denied the Appellant's TIA Claims in their entirety.  *See* D.3 (Order with respect to TIA/SLV Objection 1), at 2.

**The Appeal**

The Appellant filed its notice of appeal on November 26, 2007 (as amended by those notices of appeal dated November 30, 2007 and December 1, 2007), and its Opening Brief on Appeal on January 30, 2008.  In this appeal, the Appellant has not challenged the Bankruptcy Court's rulings denying the Debtor's and the Committee's objections to the SLV Claims.  Because (a) the Appellant does not challenge the portions of the Bankruptcy Court Decision and Order regarding the SLV Claims, and (b) none of the Debtor, the Post-Effective Date Committee or any other person or entity (other than Appellant) has appealed the Bankruptcy Court Decision and Order, there is nothing for Appellee SVP to respond to in this appeal as of the date hereof.  As no party has challenged such portions of the Bankruptcy Court Decision and Order relating to the SLV Claims, such decision and order regarding the SLV Claims are no longer subject to challenge.

## RESERVATION OF RIGHTS

At this time, Appellee SVP is not filing a responsive brief to the Opening Brief on Appeal because (a) the Appellant only challenges the Bankruptcy Court Decision and Order regarding the disallowance of the Owner Participant's TIA Claims; and (b) the Appellant did not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied the General Overlap Objection and the SLV Contractual Terms Objection.

Appellee SVP hereby fully reserves its right to file a response brief to any brief filed by any person or entity that attacks the Bankruptcy Court's rulings in favor of the SLV Claims.

| | |
|---|---|
| Dated: New York, New York.<br>March 3, 2008 | Respectfully submitted,<br><br>**Vedder Price P.C.**<br><br>By: /s/ Michael J. Edelman<br>Michael J. Edelman (ME-6476)<br>1633 Broadway, 47th Floor<br>New York, New York  10019<br>Tel:     212-407-7700<br>Fax:     212-407-7799<br>E-mail:  MJEdelman@VedderPrice.com<br><br>Douglas J. Lipke<br>Jonathan H. Bogaard<br>222 North LaSalle Street, Suite 2600<br>Chicago, Illinois 60601<br>Phone:  312-609-7500<br>E-mail:  DLipke@VedderPrice.com<br>             JBogaard@VedderPrice.com<br><br>*Counsel for Appellee*<br>*Strategic Value Partners, LLC.* |